IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROMAULDO CARREON,                    §
                                     §
                Plaintiff,           §
                                     §
V.                                   §          No. 3:25-cv-2777-X-BN
                                     §
ERIKA MCCRELL, ET AL.,               §
                                     §
                Defendants.          §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Romauldo Carreon filed a *pro se* complaint alleging that Defendant
Erika McCrell forged his signature on paperwork submitted to the Social Security
Administration and claimed that he was no longer living. *See* Dkt. No. 3. Carreon also
filed a motion for leave to proceed *in forma pauperis. See* Dkt. No. 4. So United States
District Judge Brantley Starr referred Carreon's lawsuit to the undersigned United
States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a
standing order of reference.

The undersigned granted Carreon leave to proceed IFP. *See* Dkt. No. 6. But in
an order entered at the same time, the undersigned questioned whether Carreon had
pled a facially plausible claim and whether Carreon's complaint established subject
matter jurisdiction. *See* Dkt. No. 7. So the Court ordered Carreon to file an amended
complaint to meet the standards set out in the order by November 14, 2025. *See id.*
Four days later, Carreon filed an amended complaint. *See* Dkt. No. 8.

And the undersigned enters these findings of fact, conclusions of law, and

recommendation that the Court should dismiss this lawsuit with prejudice.

## Discussion

Section 1915(e)(2) requires that the Court "dismiss the case at any time" if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court is therefore "statutor[ily] mandate[d] to dismiss a complaint whenever it becomes apparent to the court that no claim for relief is stated." *Harmon v. Nguyen*, No. 3:14-cv-2038-D-BN, 2016 WL 750923, at *5 (N.D. Tex. Feb. 4, 2016) (quoting *Moore-Bey v. Cohn*, 69 F. App'x 784, 787-88 (7th Cir. 2003) (per curiam)), *rec. adopted*, 2016 WL 740381 (N.D. Tex. Feb. 25, 2016).

"The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam). Accordingly, the pleading requirements set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), apply to the Court's screening of a complaint filed IFP.

Considering these standards, Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations, just "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of

entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557).

But "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see, e.g.*, *Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) ("A plaintiff can allege that objects dropped in water generally get wet; the defendant dropped an object in water; and that it is therefore highly likely the object got wet. Sure, it is possible that the defendant's particular object somehow escaped the water by landing on a boat or an animal. But just as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

And, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

In sum, to survive dismissal, plaintiffs must "plead facts sufficient to show" (or from which the Court may reasonable infer) that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014)

(per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

And "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

Here, the Court should dismiss this lawsuit because Carreon fails to allege a claim on which relief may be granted.

Carreon alleges claims that his ex-girlfriend, Defendant Erika McCrell, falsely claimed that Carreon died in order to claim survivor benefits for his children from Social Security. *See* Dkt. No. 8 at 4.

Carreon also includes the Social Security Administration as a defendant, but there are no factual allegations explaining the bases for any claim against the Social Security Administration. *See generally id.* So any claim Carreon seeks to bring against the Social Security Administration should be dismissed for failure to state a claim.

As to McCrell, Carreon does not specifically identify what civil claim he brings or what relief he seeks. To the extent that Carreon's claim against McCrell can liberally be construed as an attempt to bring civil claims under criminal statutes prohibiting Social Security fraud, "[p]rivate citizens do not have the right to bring a

private action under a federal criminal statute." *See Pierre v. Guidry*, 75 F. App'x. 300, 301 (5th Cir. 2003) (per curiam). For a private right of action to exist under a criminal statute, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975), *overruled in part by Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979); *see also Suter v. Artist M.*, 503 U.S. 347, 363 (1992) (the party seeking to imply a private right of action bears the burden to show that Congress intended to create one).

Carreon does not identify any civil cause of action that creates a private right of action against McCrell for false claims made about him to the Social Security Administration. So Carreon's complaint fails to state a plausible claim for which relief may be granted.

Alternatively, even if Carreon's amended complaint is construed as attempting to bring a common-law fraud claim under Texas law against McCrell, the amended complaint does not establish that the Court has subject matter jurisdiction and, in fact, wholly fails to address the deficiencies identified by the undersigned related to this Court's jurisdiction.

Specifically, the fact that Carreon named a federal agency in the amended complaint is insufficient on its own to establish federal question jurisdiction. *See Lakeview Loan Servicing LLC v. Castillo*, No. 3:25-CV-00076-X-BT, 2025 WL 1667484, at *2 (N.D. Tex. Apr. 4, 2025), *rec. adopted*, 2025 WL 1667371 (N.D. Tex. June 11, 2025) ("[N]aming the United States—or a federal agency or officer—as a defendant does not alone establish federal question jurisdiction). And Carreon did not

include allegations in his amended complaint as to his immigration status or the amount of monetary relief that the undersigned previously explained were required to allege diversity jurisdiction. *See* Dkt. No. 7 at 6 (explaining that Carreon's citizenship for diversity purposes depended on his immigration status and that Carreon did not appear to seek any monetary relief); *see also* 28 U.S.C. § 1332(a) (for diversity jurisdiction, amount in controversy must exceed $75,000), (a)(2) (no diversity between citizen of a State and lawfully admitted permanent resident domiciled in same State).

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Carreon has already been provided an opportunity to amend his claims, but his amended complaint fails to address the deficiencies identified by the undersigned. And Carreon has failed to state or suggest a cognizable claim or any facts from which a cognizable claim can be inferred. Based on the most deferential review of his complaint, it is highly unlikely that, given the opportunity, Carreon could allege cogent and viable legal claims. Thus, the undersigned concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

### Recommendation

The Court should dismiss this lawsuit with prejudice under 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted.

A copy of these findings, conclusions, and recommendation shall be served on

all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 17, 2025

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE